UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONI YVONNE LANE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-03320-JMS-MJD |
| INDIANAPOLIS PUBLIC SCHOOLS, | ) ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendant Indianapolis Public Schools' ("IPS") Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"). [Filing No. 12.] IPS seeks dismissal of Plaintiff Toni Yvonne Lane's Complaint, [Filing No. 1], which was filed *pro se*, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court denies in part and grants in part IPS' Motion to Dismiss.

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in

favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. When a plaintiff "pleads [itself] out of court by making allegations sufficient to defeat the suit," dismissal under Rule 12 is appropriate. *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007). A copy of any written instrument that is an exhibit to a pleading is considered to be part of the pleading and may be considered in ruling on a motion to dismiss without converting the motion into a motion for summary judgment. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013) (citing Fed. R. Civ. Pro. 10(c)).

Complaints filed by *pro se* litigants "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. "A trial court is obligated to liberally construe a *pro se* plaintiff's pleadings." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (citation omitted). The Court notes that Ms. Lane is now represented by counsel.

## II.
### BACKGROUND

The following allegations are taken from Ms. Lane's Complaint, which she hand-filed *pro se*, and are accepted as true for purposes of deciding the pending motion, consistent with the applicable standard of review. [Filing No. 1.] The Court also considers the documents attached to Ms. Lane's Complaint, [Filing No. 1-1, Filing No. 1-2], which are part of the Complaint for all purposes and may be considered by the Court in ruling on the Motion to Dismiss without

2

converting it to one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (citing Fed. R. Civ. P. 10 (c)).

On August 30, 2017, the Equal Employment Opportunity Commission ("EEOC") issued Ms. Lane her Dismissal and Notice of Suit Rights. [Filing No. 1-1.] On September 19, 2017, Ms. Lane filed an Employment Discrimination Complaint ("Complaint") against IPS pursuant to Title VII of the Civil Rights Act of 1964, as amended, as well as the Americans with Disabilities Act, 42 U.S.C. § 12101. [Filing No. 1 at 1-2.] She also the following issues: (1) reduction in hourly wages; (2) tampering with evidence; (3) suspending [her] and not another attendant; and (4) not honoring union policies. [Filing No. 1 at 2.] In her prayer for relief, Ms. Lane stated, "Also for violating the ADA law and if my civil rights were violated and tampering with evidence as wrongful termination." [Filing No. 1 at 3.]

In addition to her Complaint, Ms. Lane submitted numerous employment records, which will be presented in chronological order. [Filing No. 1-2.]

On a February 11, 2015 IPS "Employee's Request for Accommodation" form, Ms. Lane indicated that she had an issue with her rotator cuff that limited her mobility in her right shoulder. [Filing No. 1-2 at 13.]

On an "ADA Physician's Statement" dated August 11, 2016, Ms. Lane's doctor[1] stated that Ms. Lane had "systemic lupus with kidney disease [and] chronic asthma" and determined that she should remain in an "airconditioned [sic] environment to limit fluid loss from sweating and prevent dehydration and breathing difficulties." [Filing No. 1-2 at 21.]

On an August 12, 2016 Section 504/ADA Request for Accommodation," stating that she exhibited breathing issues and requested "air conditioning on the bus." [Filing No. 1-2 at 11.] An

---

[1] It is unclear what the doctor's name is from the signature.

accommodation form dated August 19, 2016 stated that IPS would temporarily assign Ms. Lane "to an air conditioned bus while the regular scheduled attendant is assigned to light duty." [Filing No. 1-2 at 12.] The document requested "detail about what a tolerable temperature is for Ms. Lane from the doctor." [Filing No. 1-2 at 12.] It was signed by Ms. Lane's supervisor, a human resources representative, and an "ADA Coordinator." [Filing No. 1-2 at 12.]

According to an August 19, 2016 "Conference Report" on "Employee's Request for Accommodation," it was specifically noted that Ms. Lane, a bus attendant, required an "air conditioned bus due to Lupus and asthma." [Filing No. 1-2 at 22.]

Ms. Lane submitted a letter from Dr. Tamika Dawson dated April 13, 2017, which stated, "Tony Lane is a patient of mine [and] presents today for follow-up of multiple issues. She has severe asthma and was told she needed to know exactly what degree the bus needed to be and it needs to be at 70º." [Filing No. 1-2 at 5.]

On May 2, 2017, Ms. Lane filed her Charge of Discrimination ("Charge") with the EEOC, alleging that IPS was failing to accommodate her disability.[2] [Filing No. 13-1.] In the Charge, Ms. Lane noted that she filed a previous charge against IPS, Charge 470-2016-02686, for failure to accommodate her disabilities. [Filing No. 13-1.] Ms. Lane claimed that IPS was well-aware of her disabilities and need for accommodation and, following her doctor's recommendation that she cannot be in an environment with the temperature above seventy degrees, "finally provided an air conditioned bus for [Ms. Lane] to ride" last year. [Filing No. 13-1.] She stated that in April 2017, "there were at least 8 days in which the ambient temperature was 70 degrees or more" and that she

---

[2] Ms. Lane did not attach her Charge with her Complaint. IPS, however, attached the Charge with its Motion to Dismiss. Because the Charge is central to Ms. Lane's Complaint, it may be considered by the Court without converting the Motion to Dismiss into a motion for summary judgment. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

4

communicated her need for an accommodation to at least four people who did not respond to her request. [Filing No. 13-1.] This resulted in Ms. Lane taking several days off work because the weather was too hot. [Filing No. 13-1.] Ms. Lane's Charge concluded that "[IPS] has air conditioned buses available, but refuses to accommodate [Ms. Lane]." [Filing No. 13-1.]

In a letter dated May 3, 2017, Dr. Dawson stated that "[Ms. Lane] has medical conditions which can worsen with dehydration. She should be accommodated in an air-conditioned bus if the outside temperature is over 70 degrees F." [Filing No. 1-2 at 6.] Ms. Lane also submitted a May 3, 2017 letter from her rheumatologist echoing similar concerns and stating that Ms. Lane needed an air-conditioned bus if the outside temperature is above 70 degrees. [Filing No. 1-2 at 7.]

In a May 18, 2017 "Progressive Discipline Notice," IPS submitted a recommendation of termination of Ms. Lane's employment for violating IPS' policy against hitting students. [Filing No. 1-2 at 27.] IPS alleged that on May 8, 2017, Ms. Lane punched a student in the arm in order to wake him up. [Filing No. 1-2 at 27.] Ms. Lane responded that she did not violate IPS' policy and also noted that "Mr. Collins wasn't fired for hitting a child, he was put on another bus." [Filing No. 1-2 at 27.] On May 19, 2017, Superintendent Lewis Ferebee concurred with the recommendation to terminate Ms. Lane's employment. [Filing No. 1-2 at 26.]

Ms. Lane submitted a "Request for An Appeal" with the Indiana Department of Workforce Development dated June 5, 2017. [Filing No. 1-2 at 8.] In the request, Ms. Lane protested her termination, stating that she only "woke up the child aggressively." [Filing No. 1-2 at 8.] Ms. Lane noted that she had a case with the EEOC, but was not sure if the two incidents were related. [Filing No. 1-2 at 8.][3]

---

[3] Finding no facts to establish otherwise, the Court assumes that Ms. Lane's termination and her ADA claim are distinct.

# III.
## DISCUSSION

IPS moves to dismiss both of the claims in Ms. Lane's Complaint. IPS argues that Ms. Lane's Title VII claim should be dismissed because she failed to exhaust her administrative remedies prior to filing suit. [Filing No. 13 at 1.] IPS further argues that Ms. Lane's ADA claim must be dismissed because it was not sufficiently pleaded. [Filing No. 13 at 1.] Because Ms. Lane conceded in her Response in Opposition to Defendant's Motion to Dismiss that Ms. Lane is not seeking any relief under Title VII, [Filing No. 24 at 3], IPS' Motion to Dismiss with respect to Ms. Lane's Title VII claims is **GRANTED**. The Court will only address IPS' arguments relating to the sufficiency of Ms. Lane's ADA claim.

When a plaintiff alleges a violation of the ADA, she must allege that she "is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of this disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015).

IPS argues that Ms. Lane's Complaint fails to allege the essential elements of her ADA claim, and therefore it must fail. [Filing No. 13 at 3-4.] The Court disagrees. In seeking dismissal, IPS fails to consider the information submitted with Ms. Lane's Complaint, which are considered by the Court to be a part of her complaint. *Tierney*, 304 F.3d at 738.

Ms. Lane submitted documentation that she had systemic lupus with kidney disease as well as asthma, which required her to work in an air-conditioned environment to prevent fluid loss and dehydration. [Filing No. 1-2 at 21.] IPS specifically acknowledged that Ms. Lane required an "air conditioned bus due to Lupus and asthma." [Filing No. 1-2 at 22.] She further submitted medical documentation relating to the temperature that she could work in to accommodate her disability. [Filing No. 1-2 at 5.] In her Charge, Ms. Lane noted that IPS finally accommodated

her abilities in 2016, presumably by providing her with air-conditioned bus, but claimed that IPS failed to provide her an air-conditioned bus in April 2017. [Filing No. 13-1.] Specifically, Ms. Lane claims that she informed four individual of her need for an accommodation, but was ignored and had to take several days off of work because the weather was too hot. [Filing No. 13-1.]

Provided these facts, and given the Court's relaxed standards for *pro se* pleadings, *Erickson*, 551 U.S. at 94, Ms. Lane has adequately pleaded a claim under the ADA through the information submitted. Accordingly, IPS' Motion to Dismiss with respect to Ms. Lane's ADA claim, [Filing No. 12], is **DENIED**.

However, Ms. Lane's counsel spent considerable effort in parsing Ms. Lane's claims in her response to the motion to dismiss. In the interest of clarity going forward, the Court directs Ms. Lane, now represented by counsel, to file an Amended Complaint to establish the precise claims being pursued by Ms. Lane, through counsel in this case.

### IV.
#### CONCLUSION

For the foregoing reasons, IPS' Motion to Dismiss [12.] is **DENIED in part and GRANTED in part**. Ms. Lane is hereby ordered to file an Amended Complaint by February 15, 2018. Defendant need only file a responsive pleading to the Amended Complaint.

Date: 2/1/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**